CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 3 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

UNITED STATES OF AMERICA,       )
                                )       Criminal Action No. 10-CR-10
            Plaintiff,          )
                                )       **MEMORANDUM OPINION**
    v.                          )
                                )       By: Judge James C. Turk
LARRY LEWIS                     )       Sr. United States District Judge
                                )
            Defendant.          )

The Defendant appeals from his conviction in the Magistrate's Court of failing to pay a recreation fee in violation of 36 C.F.R. § 261.17 (eff. 2005). After reviewing the record, and for the reasons that follow, this Court **AFFIRMS** the Defendant's conviction.

### Standard of Review

Post-conviction review of a magistrate's judgment is governed by the same standards as appeals from District Courts to Courts of Appeals, reversible only if clearly erroneous or contrary to law. See Volk v. U.S., 57 F.Supp.2d 888, 892 (N.D. Cal. 1999). "With regard to the sufficiency of evidence presented at trial before a magistrate judge . . . the reviewing court examines the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.

### Trial Before Magistrate Urbanski

This case was heard by Magistrate Urbanski on Feburary 4, 2010. The parties were in nearly complete agreement as to the facts of the case. The parties' dispute primarily centered on the proper application of the law to the facts, i.e. whether the amount that Lewis paid in connection with his camp ground visit was sufficient.

1

## Judge Urbanski's Findings of Fact

After hearing all of the testimony, Magistrate Urbanski concluded that the evidence was sufficient to convict Lewis of failing to pay a recreation fee. Magistrate Urbanski decided that there were two alternative interpretations to the situation. Lewis's interpretation was that because he reserved nine nights at the camp ground, and stayed for nine nights at the campground, he only owed the campground for nine nights. The Government's interpretation is that Lewis also owed the campground for two nights at the campsite which had been reserved but which he did not occupy. Under both interpretations, however, Lewis owed $30.00 for various convenience fees, of which he had only paid $10.00. Thus, the Magistrate Judge determined Lewis was guilty of failing to pay a recreation fee under either interpretation. Magistrate Urbanski also determined, however, that the Government's interpretation was not unreasonable. Lewis, therefore, was ordered to pay for the two extra nights. Thomas was ordered to pay restitution of $52.00 for the violation[1], plus $35.00 in court costs. The Magistrate Judge declined to impose any fine, believing that Mr. Lewis had acted in good faith at all times. This appeal followed.

## DISCUSSION

The District Court's duty in connection with an appeal from a magistrate judge is limited to examining the record to ascertain whether evidence was presented which would support the magistrate's conviction, and which shows the trial was free from errors of law. See U.S. v. Williams, 220 F.Supp. 556 (N.D. Cal. 1963). Moreover, the District Court must accept the findings of fact of the magistrate unless they are clearly erroneous. See U.S. v. Harris, 381

---

[1] The $52.00 is composed of $32.00 for the two nights during which site 105 was deemed to have been reserved, plus $20.00 of convenience fees that were uncontested.

F.Supp. 1095 (E.D. Pa. 1974).

Lewis was charged under 36 C.F.R. § 261.17, which states that:

Failure to pay any recreation fee is prohibited. Notwithstanding 18 U.S.C. 3571(e), the fined imposed for the first offense of nonpayment shall not exceed $100.

Id. It is uncontested that Lewis failed to pay at least $20.00 of fees. In fact, the Court notes, at the time of the hearing in front of the Magistrate Judge, Lewis had still failed to pay the entirety of the fees that he admitted he owed the campground ($20.00 out of a total of $30.00 of convenience fees). Accordingly, the Magistrate Judge's conclusion that Lewis failed to pay the recreation fee is not clearly erroneous. And although this Court may not believe that the policies and fees instituted by the Park Service with respect to camp site reservations are the optimal, or even preferred, policies, they are neither arbitrary nor entirely unreasonable. Magistrate Urbanski's conclusion that the Park Service's interpretation of the situation, and the corresponding total amount owed, was reasonable is also not clearly erroneous.

## CONCLUSION

For the foregoing reasons, Magistrate Urbanski's findings of fact and conclusions of law are not clearly erroneous. The judgment of the Magistrate Court must be **AFFIRMED**.

The Clerk of Court is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties and counsel of record.

This 2nd day of March, 2010.

Senior United States District Judge